UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
JOHN FINNEY, et al.          :    Civ. No. 3:20CV00158(JCH)
                             :
v.                           :
                             :
CONNECTICUT, et al.          :    February 24, 2020
                             :
-----------------------------x
```

**RECOMMENDED RULING**

This matter is before the Court on an initial review of a
Complaint [Doc. #1] filed by self-represented plaintiff John
Finney ("plaintiff" or "Finney"). For the reasons set forth
below, the Court recommends that the Complaint [**Doc. #1**] be
**DISMISSED, with prejudice,** pursuant to 28 U.S.C.
§1915(e)(2)(B)(ii). The Court also recommends that a filing
injunction issue against this plaintiff.

I.    **Background**

Plaintiff brings this action against a number of
defendants, which are listed as follows on the form Complaint:

```
     Connecticut
     New Jersey
     Michelle, Mignonne, Shirley, Damian Thomas
     Attorneys, Fiedler, Odom, Saurez
     Julio Olivieri & Carmen Castano
     Camerons Auto, Carlos Rizzaro
     Dr. Sohrad Zahedi
```

Doc. #1 at 1 (sic). The Complaint consists of three basic
elements: (1) a partially completed "Civil Rights Complaint"

form, Doc. #1 at 1-5; (2) a lengthy narrative document apparently prepared by plaintiff, see Doc. #1-1 at 1-235; and (3) numerous attachments, most of which appear to relate to proceedings in various state courts, including docket sheets, orders and pleadings filed in other matters, police reports, and reports regarding plaintiff's mental health. See Doc. #1-1 at 236-399.

Plaintiff purports to bring the Complaint on behalf of himself and an individual identified as Sarah Olivieri ("Olivieri"). See Doc. #1 at 1. As bases for jurisdiction, plaintiff cites 42 U.S.C. 1983, Bivens v. Six unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), 28 U.S.C. §1332, 28 U.S.C. §1367, Title VII, and the Fourteenth Amendment. See Doc. #1 at 2.

In the section of the Complaint form asking for a brief description of the background of the case, plaintiff states:

> Defendants conspired together to retaliate on the 1st amendment right of the Plaintiff. Said Defendants Manufactured a bunch of false causes of Action amounting to Sabotage and Entrapment. It has been 6yrs since the Plaintiff has heard or seen from his daughter; and these judges willfully extend this undue delay with their own fraudulent activity.

Doc. #1 at 3 (sic). In his Request for Relief, plaintiff states:

> I request the following relief:
>     Civil and Criminal Prosecution
>     Fair and Impartial Court
>     Not be to be distracted w/ridiculous laws ie, 52-
>     190 – an opinion – from a Corporate bias individual

Id. at 5 (sic).

Plaintiff has filed seven prior cases in this District, each of which was dismissed at the initial review stage. Five of these cases raise claims related directly to the child custody disputes that appear to underlie this matter. See John Kell Finney v. Michelle T. Finney, et al., No. 3:14CV00093(RNC); John K. Finney v. James Farber, et al., No. 3:16CV01677(VAB); John K. Finney v. Carlos Rizzaro, et al., No. 3:17CV01518(JCH); John K. Finney v. Harris Lyfshitz, et al., No. 3:18CV01427(AWT); John K. Finney, et al. v. Dolan, et al., No. 3:19CV01782(KAD). One relates to a discrete dispute concerning the towing of plaintiff's vehicle, see John K. Finney v. Cameron's Auto Towing, et al., No. 3:18CV00502(SRU), but plaintiff names Cameron's Auto, the lead defendant in that case, as a defendant in this action as well. Finally, one prior case presents an issue related to disputed motor vehicle fines, but the Amended Complaint in that case makes references to the family court issues presented here. See John K. Finney v. NJDMV, No. 3:19CV01360(KAD), Doc. #10 at 5.

The Court also notes that in the most recently filed and dismissed prior action, Finney, et al. v. Dolan, et al., No. 3:19CV01782(KAD), plaintiff purported to bring a claim on behalf of Olivieri, as he does here.

3

## II.  **Standard of Review**

The determination of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether plaintiff may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. See Doc. #9. Second, 28 U.S.C. §1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii). In the interest of efficiency, the Court reviews the merits of complaints filed pursuant to 28 U.S.C. §1915 shortly after filing.

The Court ordinarily construes complaints filed by self-represented plaintiffs liberally. See McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). The Court exercises caution in dismissing a case sua sponte, and "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will usually permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

However, the rationale for affording special solicitude to

4

self-represented litigants is reduced where, as here, a self-represented plaintiff has experience with litigation. See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the deference usually granted to pro se plaintiffs need not be expansively drawn." Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001). As noted, plaintiff has filed seven prior cases in this District in the last six years. In each of those cases, the Court issued a carefully written Initial Review Order, explaining the reasons that the claims would not be permitted to proceed to service of process. Plaintiff has been given ample opportunity to learn the requirements of jurisdiction and civil litigation.[1] Accordingly, Finney is not entitled to the expansive deference typically given to self-represented plaintiffs.

## III. Claims purportedly brought on behalf of Sarah Olivieri

Plaintiff purports to bring this Complaint on behalf of himself and Olivieri. See Doc. #1 at 1. Olivieri has not signed any of the documents, nor provided any indication that she

---

[1] Plaintiff has also previously represented that he has been "studying the practice of law." See Finney, et al. v. Dolan, et al., No. 3:19CV01782(KAD), Doc. #3 at 5.

wishes to participate in this litigation. Olivieri has not completed an application to proceed in forma pauperis. Plaintiff previously filed an action that similarly claimed to be brought on Olivieri's behalf, see Finney, et al. v. Dolan, et al., No. 3:19CV01782(KAD), and the Court cautioned him at that time: "Finney cannot represent anyone other than himself in this matter." Id., Doc. #9 at 5.

As plaintiff has previously been advised, a person "may plead and conduct" his or her case "personally or by counsel" only. 28 U.S.C. §1654. "[T]he statute does not permit unlicensed laymen to represent anyone other than themselves." Berrios v. New York City Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009) (citations and quotation marks omitted). Finney, as a "pro se litigant cannot appear on another person's behalf." G4 Concept Mktg., Inc. v. MasterCard Int'l, 670 F. Supp. 2d 197, 200 (W.D.N.Y. 2009) (citation and quotation marks omitted).

Plaintiff is not an attorney, and therefore is not permitted to bring an action on behalf of anyone other than himself. Accordingly, all claims purportedly asserted on behalf of Olivieri should be **DISMISSED, with prejudice.**

**Plaintiff is hereby advised that any future attempt to assert claims on behalf of Olivieri or any other third party will result in the imposition of sanctions against him.**

IV.  **Subject Matter Jurisdiction**

The Court lacks subject matter jurisdiction over this
action under various abstention doctrines. The Court has an
independent obligation "to inquire as to subject matter
jurisdiction and satisfy itself that such jurisdiction exists."
Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir.
2000). Here, plaintiff asserts federal question jurisdiction
under a variety of theories. See Doc. #1 at 2. However,
plaintiff appears to be attempting to challenge prior state
court rulings regarding domestic relations or child custody
matters. The bulk of the information included in, and attached
to, the Complaint relates to such matters. Indeed, plaintiff
describes the first defendant to this action, named in the
caption only as "Connecticut[,]" as referring to "Judge New
Britain Superior Court[,]" and the second defendant, named in
the caption as "New Jersey[,]" as referring to "Judge Sussex
County Superior Court & Andover Municipal Court[.]" Doc. #1 at
1-2 (sic).

The form Complaint asserts: "It has been 6yrs since the
Plaintiff has heard or seen from his daughter; and these judges
willfully extend this undue delay with their own fraudulent
activity." Id. at 3 (sic). In the narrative attached to the
Complaint plaintiff states: "This matter commenced due to a (6
year on-going) Interstate Parental Kidnapping matter where

multiple state courts have aided and abetted[.]" Doc. #1-1 at
25.

This Court is precluded by the "domestic relations"
exception to federal jurisdiction from hearing such claims,
regardless of the basis plaintiff asserts for jurisdiction.
"[T]he domestic relations exception, as articulated by this
Court since Barber [v. Barber, 62 U.S. 582 (1858)], divests the
federal courts of power to issue divorce, alimony, and child
custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703
(1992). "[I]t has been uniformly held that federal courts do not
adjudicate cases involving the custody of minors and, a
fortiori, rights of visitation." Hernstadt v. Hernstadt, 373
F.2d 316, 317 (2d Cir. 1967); see also Grohs v. Grohs, No.
3:17CV01605(SRU), 2017 WL 4678182, at *5 (D. Conn. Oct. 17,
2017) ("Even when a federal question is presented, federal
courts decline to hear disputes which would deeply involve them
in adjudicating domestic matters." (citation and quotation marks
omitted)), adhered to on reconsideration, 2017 WL 5171845 (Nov.
8, 2017). While plaintiff has entangled his claims in hundreds
of pages of narrative, exhibits, and the naming of extraneous
defendants, the gravamen of his complaint remains clear:
Plaintiff seeks to undo the orders of state courts regarding his
parental rights. The resolution of plaintiff's claims would

require the court to adjudicate a domestic relations matter. The exercise of federal jurisdiction would therefore be improper.

Because plaintiff seeks to challenge orders entered by the state courts of Connecticut or New Jersey or both, the Rooker-Feldman doctrine also applies. Under this doctrine, a District Court lacks "subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment. Such jurisdiction is lacking because within the federal system, only the Supreme Court may review a state court judgment." Hachamovitch v. DeBuono, 159 F.3d 687, 693 (2d Cir. 1998). "Thus, federal district courts do not have jurisdiction over claims that have already been decided, or that are inextricably intertwined with issues that have already been decided, by a state court." Mitchell v. Fishbein, 377 F.3d 157, 165 (2d Cir. 2004) (citation and quotation marks omitted; emphasis removed). Plaintiff seeks to have this Court reverse or modify a state court judgment, and to invalidate one or more prior state court rulings. This the Court cannot do.

The Court therefore finds, for both of these reasons, that it lacks subject matter jurisdiction, and recommends that the case be **DISMISSED**.

## V.  **Other Defects in the Complaint**

Even if the Court had jurisdiction to hear plaintiff's claims, the Complaint would be subject to dismissal for failure to state a claim. The Complaint states no cognizable claim for relief, and is so convoluted that it would be impossible to answer. The Federal Rules of Civil Procedure require that a complaint contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This requirement is important "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal of a complaint is proper when it is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Russo v. Glasser, 279 F. Supp. 2d 136, 145 (D. Conn. 2003) (citation and quotation marks omitted).

Plaintiff does not set forth any comprehensible cause of action in the form Civil Rights Complaint. See generally Doc. #1. The narrative document attached to the Complaint is not structured in a way that would permit a defendant to answer it; it does not set forth plain statements of fact in separate, numbered paragraphs. Rather, over some 235 pages, plaintiff presents a lengthy stream of consciousness, together with

10

hundreds of citations to legal sources of, at best, questionable value and relevance. See Doc. #1-1 at 1-235. The attachments provided do not improve the situation. Thus, even if the Court had subject matter jurisdiction, dismissal of the Complaint would be appropriate.

Furthermore, the Complaint appears to attempt to bring claims against the judges who entered orders or judgments in prior cases involving plaintiff, and possibly against court staff or attorneys appointed by the courts. Judges are absolutely immune from suit for actions taken in their official capacities. "Judicial immunity applies even if the action the judge took was in error, was done maliciously, or was in excess of his authority." Ramos v. Putnam Family Court, No. 3:15CV01443(VAB), 2017 WL 3083727, at *3 (D. Conn. July 18, 2017) (citations and quotation marks omitted). The Supreme Court has extended this "absolute immunity to certain others who perform functions closely associated with the judicial process[,]" Cleavinger v. Saxner, 474 U.S. 193, 200 (1985), such as prosecutors, witnesses, hearing examiners, and grand jurors. To the extent plaintiff asserts claims against particular judges or those performing judicial functions, any such claims would be barred by immunity, and thus would be subject to dismissal even if this Court had jurisdiction.

## VI.  <u>Denial of Leave to Amend Complaint</u>

In many cases, the Court provides a self-represented
plaintiff an opportunity to amend his Complaint. Here, however,
the Court recommends that the Complaint be dismissed <u>with
prejudice</u>, for two reasons. <u>First</u>, there is no likelihood that
amendment will cure the defects in this Complaint. Plaintiff
seeks relief that is simply unavailable from this Court, no
matter how many times he rephrases and refiles his claims.
Amendment would be futile. "The problem with [plaintiff's]
causes of action is substantive; better pleading will not cure
it." <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).

<u>Second</u>, plaintiff has, as a practical matter, had the
opportunity to amend his Complaint. This is not, as noted, the
first time plaintiff has brought these claims in this Court.
Plaintiff has filed similar claims over and over, and has been
advised by the Court of the reasons that his claims could not
proceed as presented. He has been specifically informed that the
District Court does not have subject matter jurisdiction over
domestic relations or child custody matters. <u>See</u> <u>Finney v.
Finney, et al.</u>, No. 3:14CV00093(RNC) (D. Conn. Feb. 3, 2014),
Doc. #9 at 7-8; <u>Finney v. Lyfshitz, et al.</u>, No. 3:18CV01427(AWT)
(D. Conn. Sept. 5, 2018), Doc. #8 at 10-16; <u>Finney, et al. v.
Dolan, et al.</u>, No. 3:19CV01782(KAD) (D. Conn. Nov. 20, 2019),
Doc. #9 at 6-8. Permitting further amendment of these claims in

12

this case is unnecessary. Plaintiff has had ample opportunity to replead his claims already. Accordingly, the Complaint should be **DISMISSED, with prejudice,** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## VII. <u>Filing Injunction</u>

The Court also recommends that the Court permanently enjoin Finney from filing additional actions in this Court. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." <u>In re Martin Trigona</u>, 737 F.2d 1254, 1261 (2d Cir. 1984). "The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." <u>Shafii v. British Airways, PLC</u>, 83 F.3d 566, 571 (2d Cir. 1996). The Court finds that such a sanction is appropriate here.

> [A] district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, <u>e.g.</u>, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious

litigation is likely to continue to abuse the judicial
process and harass other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

The first factor weighs in favor of an injunction.
Plaintiff has filed seven prior cases in this District. Every
single one of these cases was dismissed at the Initial Review
stage, as lacking merit.

The second factor also weighs in favor of an anti-filing
injunction. Plaintiff cannot have an "objective good faith
expectation of prevailing[.]" Safir, 792 F.2d at 24. In the
Initial Review Orders in plaintiff's prior cases, the Court
provided plaintiff with careful and detailed instructions
regarding the requirements of pleading and jurisdiction, the law
applicable to his various claims, and the defects in his
complaints. For example, the Court has previously informed
plaintiff that he may not bring claims on behalf of a third
party. See Finney, et al. v. Dolan, et al., No. 3:19CV01782(KAD)
(D. Conn. Nov. 20, 2019), Doc. #9 at 5. The Court has informed
plaintiff on three prior occasions that the District Court does
not have subject matter jurisdiction over domestic relations or
child custody matters. See Finney v. Finney, et al., No.
3:14CV00093(RNC) (D. Conn. Feb. 3, 2014), Doc. #9 at 7-8; Finney
v. Lyfshitz, et al., No. 3:18CV01427(AWT) (D. Conn. Sept. 5,
2018), Doc. #8 at 10-16; Finney, et al. v. Dolan, et al., No.

14

3:19CV01782(KAD) (D. Conn. Nov. 20, 2019), Doc. #9 at 6-8. The
Court has advised plaintiff of the impact of judicial immunity
in four of his prior cases. See Finney v. Finney, No.
3:14CV00093(RNC) (D. Conn. Feb. 3, 2014), Doc. #9 at 5-6; Finney
v. Farber, et al., No. 3:16CV01677(VAB) (D. Conn. Feb. 2, 2017),
Doc. #10 at 2; Finney v. Lyfshitz, No. 3:18CV01427(AWT) (D.
Conn. Sept. 5, 2018), Doc. #8 at 15-16; Finney, et al. v. Dolan,
et al., No. 3:19CV01782(KAD) (D. Conn. Nov. 20, 2019), Doc. #9
at 9. The Court has informed plaintiff of the requirements of
Rule 8(a) on at least two prior occasions. See Finney v.
Lyfshitz, et al., No. 3:18CV01427(AWT) (D. Conn. Sept. 8, 2018),
Doc. #8 at 8-9; Finney v. NJDMV, No. 3:19CV01360(KAD) (D. Conn.
Sept. 17, 2019), Doc. #8 at 10-11. Despite these prior orders,
plaintiff continues to file the same facially defective claims.
Accordingly, the Court concludes that plaintiff does not have an
objective good faith expectation of prevailing on these claims.

The third factor, whether plaintiff is represented by
counsel, weighs against an injunction, because plaintiff here is
self-represented.

The fourth factor, "whether the litigant has caused
needless expense to other parties or has posed an unnecessary
burden on the courts and their personnel[,]" Safir, 792 F.2d at
24, weighs strongly in favor of an injunction. No defendant has
been required to answer plaintiff's claims in this or any of his

15

prior cases, because each case has been dismissed at the initial review stage <u>sua sponte</u>; thus, no "needless expense" has been caused to other parties. <u>Id.</u> However, plaintiff has undoubtedly "posed an unnecessary burden on the courts and their personnel." <u>Id.</u> Plaintiff has a history of filing frivolous claims, some of which run to hundreds of pages. The Complaint in this matter, including attachments, is 404 pages long. In one of plaintiff's more recent cases, <u>Finney, et al. v. Dolan, et al.</u>, No. 3:19CV01782(KAD), his Complaint was 187 pages long. Despite the length of these documents, in neither case did plaintiff set forth a coherent claim for relief. In addition, plaintiff has continued filing documents in closed cases. <u>See</u> <u>Finney v. Finney, et al.</u>, No. 3:14CV00093(RNC) (five documents filed after case dismissed); <u>Finney v. Farber, et al.</u>, No. 3:16CV01677(VAB) (two documents filed after case dismissed). The Court has borne the burden of responding to these submissions, rather than permitting plaintiff to effect service on defendants, but the burden is still substantial and unwarranted.[2]

Finally, the fifth factor weighs in favor of an injunction because "other sanctions would be [in]adequate to protect the

---

[2] In this regard, the Court notes that plaintiff has now twice attempted to bring a cause of action on behalf of Olivieri, without any indication that she consents, despite being advised that is not permissible. Being named as a plaintiff could expose Olivieri to collateral consequences and burdens.

courts and other parties." <u>Safir</u>, 792 F.2d at 24. Plaintiff appears to be indigent; thus, financial sanctions would be meaningless and unenforceable. <u>See</u> <u>In re Martin-Trigona</u>, 737 F.2d at 1262 (noting that monetary sanctions may be unproductive where a litigant has demonstrated lack of assets); <u>Lacy v. Principi</u>, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004). Plaintiff has been undeterred by the Court's prior orders and dismissals. No amount of explanation has affected his determination to continue asserting these claims. The Court thus finds that no sanctions short of an anti-filing injunction would be effective.

The Court finds, based on his history, that "plaintiff is likely to continue to abuse the judicial process[.]" <u>Safir</u>, 792 F.2d at 24. The Court therefore recommends that a permanent anti-filing injunction be issued. Specifically, the Court recommends that John Finney be permanently enjoined from:

> (1) bringing any future case as a self-represented plaintiff in the District of Connecticut without the Court's prior permission; and
> (2) filing any papers in connection with any case previously filed or currently pending in the District of Connecticut unless either:
>> (a) such submission is a required response to a filing submitted by his adversary, or,
>> (b) prior to filing:
>>> (i) he files a one-page written application to the Court for permission to file papers in that case;
>>> (ii) in that one-page written application, he explains why he seeks permission to file such papers;
>>> (iii) the Court grants his application in a written order; and

17

> > (iv) he submits a copy of the Court's order
> > granting him permission to file papers with the
> > papers he has been allowed to file.

See Miller v. Stallworth, No. 3:19CV00484(CSH), 2019 WL 3080913, at *2 (D. Conn. Jul. 15, 2019), imposing injunction recommended in Miller v. Stallworth, 2019 WL 3083071, at *5 (D. Conn. May 21, 2019).

The Court notes that plaintiff has sometimes filed actions under the names "John K. Finney" or "John Kell Finney," and that he has now twice attempted to bring an action on behalf of Olivieri. Accordingly, the Court recommends that the permanent injunction described herein apply to plaintiff under whatever name he should choose to bring an action as a self-represented party, and to any attempts by plaintiff to file actions on behalf of Olivieri, or any other person.

## VIII.   Conclusion

For the reasons set forth above, the Court recommends that the Complaint be **DISMISSED, with prejudice**. The Court further recommends that the permanent injunction described above be issued.

This is a recommended ruling. See Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after the filing of this ruling**. See Fed. R. Civ. P. 72(b)(2). Plaintiff receives notice by mail. Accordingly, any objection must be filed on or

before **March 16, 2020**. Failure to file an objection within this time frame will preclude appellate review. See 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(d) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2(a); Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989) (per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

     SO ORDERED at New Haven, Connecticut, this 24th day of February, 2020.

                                /s/
                            HON. SARAH A. L. MERRIAM
                            UNITED STATES MAGISTRATE JUDGE