APR 22 2020 AM 11:18
FILED-USDC-CT-HARTFORD

# UNITED STATES DISTRICT COURT
## FOR THE
# STATE OF CONNECTICUT

Finney, John K, Et Al.

Vs.

State of Connecticut, Et Al.

3:20-CV-00158(JCH)

**MOTION FOR CLARIFICATION**

For the Plaintiff:

Finney, John K

22 Grove St Apt. A306

Windsor Locks, CT

06096

Ph:860.758-7071

J.finney@my.ccsu.edu

Pursuant to FRCP Rule 53; the Plaintiff, Finney, John K; seeks to clarify the unjustified denials of the district court.[1]

Facts:

1. The court uses two cases to support the dismissal. The only reason gathered from the case citations is for grounds of bad faith, false allegations.[2]

2. Here the Plaintiff brings multiple law suits, consolidates them on new matters and issues that arose subsequent to the applicability of the domestic relations doctrine. Furthermore, Preclusion is proper when a final judgment which addresses the matter is made. This does not include dismissals for failure to provide a certificate of good faith, acts which do not immunize judicial officers, where, as here the judge assimilates the cause of action with criminal statutes.[3]

---

[1] **FRCP Rule 53. Masters** … (a) Appointment. (1) Scope. Unless a statute provides otherwise, a court may appoint a master only to; … (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury[.] (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district. (2) Disqualification. A master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. §455[.] (3) Possible Expense or Delay. In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay.

[2] **Shrader v. CSX Transportation, Inc.;** 70 F.3d 255 (2d Cir. 1995): "Shrader's claim of injury was false, and fired him "for conduct unbecoming a CSXT employee." … Shrader further maintained that his discharge was in violation of … 45 U.S.C. §(s) 60, which provides criminal penalties when an employer "prevent[s] employees . . . from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee." … we construe notices of appeal liberally, taking the parties' intentions into account. … can also be the basis of a private cause of action by the employee against the employer.

[3] **Virgin Atlantic Airways v. Nat. Mediation Bd.;** 956 F.2d 1245 (2d Cir. 1992): "The RLA provides that when there is a dispute between employees as to the identity of their representative the NMB should investigate and certify the identity of that representative. 45 U.S.C. § 152, Ninth. The jurisdiction of a federal court to review … has been held to be extremely limited. "The scope of judicial review and intervention is confined to `instances of constitutional dimension or gross violation of the statute.'"

the fall.[8] It is obvious when viewing the totality of the situation the plaintiff was involved in a fraud marriage.[9]

9. Finally, the court offers no reason why jurisdiction is denied.[10] Common law explicitly states the obligation of the court is to take jurisdiction when it should.[11]

---

[8] **NOEL OBOURN v. AMERICAN WELL CORPORATION;** 3:15-CV-48 (JCH), (D.CONN., 2015): "In a breach of contract claim, the locus of operative facts is determined by considering where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred. … The parties make no representations as to where the contract was negotiated or executed. The performance of the operative portion of the contract … occurred in … Connecticut. … The creation of performance criteria.

[9] **NAZAR SIMKO v. BOARD OF IMMIGRATION APPEALS;** 3:15-CV-00036 (JCH), (D. Conn., 2015): "If, however, the agency decision "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise," the agency's decision must be set aside. … agency regulations require the investigating officer to identify "substantial and probative evidence" of the attempt or conspiracy to enter into a … fraudulent marriage[.] 8 C.F.R. § 204.2(a)(1)(ii). Substantial and probative evidence requires more than facts that could create a reasonable inference of fraud, … but is something less than a preponderance of the available evidence, … means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." … In making this determination on these grounds, the agency abused its discretion. … She should not have been penalized for the fact that the affidavits she submitted did not address specific topics, nor should she have been penalized for failing to submit evidence that simply does not exist due to the nature and circumstances of Simko's and Terry's marriage. … was not fraudulent. … The action taken by the agency in this case was arbitrary and capricious and an abuse of discretion. See 5 U.S.C. § 706."

[10] **NAZAR SIMKO v. BOARD OF IMMIGRATION APPEALS;** 3:15-CV-00036 (JCH), (D. Conn., 2015): "[F]or the agency to decide that Karolina Simko failed to carry her burden of rebutting the agency's conclusion that Nazar Simko's marriage to Terry was not bona fide, the court must award appropriate relief. … to order the agency to reconsider its denial "in light of the entire record and correct legal standard." … The court concludes that there are no open questions for the agency to reconsider, and therefore remands the case to the agency with directions to grant plaintiffs' I-130 Petition. In making this decision, the court is mindful that it cannot "intrude upon the domain which Congress has exclusively entrusted to an administrative agency." … However, the court is empowered to "compel agency action unlawfully withheld,"

[11] **Sullivan v. Metro-North R. Co.;** 179 F. Supp. 2d 2 (D. Conn. 2002): "The Federal Employers Liability Act (FELA), codified at 45 U.S.C.S. § 51-60, The Act prohibits an employee's recovery

10. The forcing of acquiring an Attorney is an indirect mandated monopoly. The usurping of Abraham Lincoln's legacy. Personally, I would never want to be compared to Andrew Johnson, who is not of "We the People."



---

to be denied on the basis of contributory negligence, ... There can be no finding of contributory negligence if it is shown that an employer's violation of a railway safety statute played any role in an employee's injury. ... or when the employer has violated a safety statute. 45 U.S.C. § 54 (2006). Federal cases have held that the causation standard for FELA claims is lower than that of common law negligence claims. ... The Act provides that state courts hold concurrent jurisdiction over FELA actions with the federal courts. id. Thus, a FELA action may be brought in state or federal court, and a litigant has a wide choice of potential forums.